**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:** 15-cv-62217-Cohn/Seltzer

JALECIA SIMONE JOHNSON,

       Plaintiff,

v.

NEGOTIATION CREDIT SERVICES LLC,
SCOTT HAICK, DAVID SMITH,
RUBEN MCEACHRON,

       Defendants.
_____/

## MOTION FOR APPROVAL OF PARTIES' SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff, JALECIA SIMONE JOHNSON, by and through undersigned counsel, files this Motion for Approval of Parties' Settlement Agreement, and Dismissal with Prejudice and respectfully state as follows:

In the Eleventh Circuit, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *See* Lynn's Food Stores, Inc., 679 F.2d at 1350. To approve the settlement, the court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.*; *see also* Sneed v. Sneed's Shipbuilding, Inc., 545 F.2d 537, 539 (5th Cir. 1977).

In order to avoid the costs and uncertainty of litigation, the Parties have negotiated a settlement in this matter. Counsel has engaged in extensive settlement negotiations and informal discovery. There also exists uncertainty as to the number of hours Plaintiff actually worked as well as possible exemptions to overtime if this case were litigated. As such, Plaintiff may not have

recovered anything had this litigation continued. Therefore, in order to avoid additional costs and the uncertainty of litigation, the Parties have agreed to a settlement amount listed in the attached settlement agreement. (See Settlement Agreement and Mutual General Release attached hereto as <u>Exhibit A</u>.) The amount received by Plaintiff pursuant to the settlement agreement is more than they would have likely have recovered had the case gone to trial for the aforementioned reasons.

WHEREFORE, the Plaintiff respectfully requests that the Court enter an Order: (1) approving the terms of the Settlement Agreement; (2) dismissing this action with prejudice with the Court to retain jurisdiction to enforce the terms of the agreement.

Respectfully submitted,

Dated: December 9, 2015

KOZ LAW, P.A.
Counsel for Plaintiff
320 S.E. 9th Street
Fort Lauderdale, FL 33316
Tel: (786) 924-9929
Fax: (786) 358-6071

By: /s/ Elliot A. Kozolchyk
    Elliot A. Kozolchyk, Esq.
    Florida Bar No.: 74791

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on December 9, 2015 with the Clerk of Court using CM/ECF along with having served all counsel of record or pro se parties identified on the service list incorporated herein in the manner specified, either via transmission of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notice of Electronic Filing.

      Respectfully submitted,

      Elliot Kozolchyk, Esq.

## SERVICE LIST

*Via E-Mail*:
Negotiation Credit Services LLC
Ruben Mceachron
2964 NW 33 Ln
Lauderdale Lakes, FL 33311
Ruben@negotiationcreditservices.com

*Via E-Mail*:
Scott Haick
313 NE 2nd Street #203
Fort Lauderdale, FL 33301
scotthaick@gmail.com

*Via E-Mail*:
David Smith
11277 W Atlantic Blvd # 306
Coral Springs, FL 33071
c.mella@negotiationcreditservices.com

*Via E-Mail*:
Ruben Mceachron
2964 NW 33 Ln
Lauderdale Lakes, FL 33311
Ruben@negotiationcreditservices.com